IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM LITTLEFIELD, DMD, P.C., and KIM LITTLEFIELD, DMD, <br><br> Plaintiffs, <br><br> vs. <br><br> ORTHODONTIC CENTERS OF ILLINOIS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL NO. 06-606-GPM ) ) ) ) ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiffs Kim Littlefield, DMD, P.C., and Kim Littlefield, DMD (hereinafter, collectively, "Littlefield") (Doc. 18). For the following reasons, the motion is **GRANTED**. The hearing scheduled to be held in this case on January 29, 2007, at 2:30 p.m. is **CANCELLED**.

### INTRODUCTION

In 1998 Littlefield, an orthodontist practicing in St. Clair County, Illinois, entered into a long-term agreement with Defendant Orthodontic Centers of Illinois, Inc. ("OCI"), whereby OCI was to provide billing, administrative, and other services to Littlefield's practice in return for a service fee based on revenues from the practice. *See* Doc. 18, Ex. A. *See also Orthodontic Ctrs. of Ill., Inc. v. Michaels*, 403 F. Supp. 2d 690, 692-95 (N.D. Ill. 2005) (furnishing a detailed discussion of OCI's business model and that of its parent corporation, Orthodontic Centers of America, Inc. ("OCA")). The agreement also contains a forum-selection clause which provides, in

pertinent part, that "[a]ny action or proceeding seeking to enforce any provisions of, or based upon any right arising out of, this Agreement shall be brought against any of the parties hereto in the courts of the State of Illinois in [St.] Clair County, Illinois, and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein." Doc. 18, Ex. A at 20 ¶ 8.5. In August 2000 Littlefield filed this action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging that OCI misapplied the service fee and failed to remit to Littlefield monies owed under the agreement. *See* Doc. 2, Ex. A. Littlefield's state-court complaint asserts claims for breach of contract and breach of fiduciary duty, and requests a declaratory judgment that OCI is in breach of its agreement with Littlefield. *See id*. In September 2000 OCI removed the case to this Court in federal diversity jurisdiction, whereupon the Court remanded the case to state court based on the forum-selection clause in the agreement. *See* Doc. 18, Ex. B. In March 2006 OCI and its parent, OCA, together with numerous other OCA subsidiaries, filed for Chapter 11 bankruptcy protection in Louisiana. *See In re OCA, Inc.*, No. 06 10179, 2006 WL 3833929, at *1 (Bankr. E.D. La. Dec. 29, 2006). Thereafter, OCI effected a second removal of this case to federal court, this time alleging federal subject matter jurisdiction in bankruptcy. OCI has requested transfer of this case to the bankruptcy proceeding in Louisiana. Littlefield in turn has requested remand of this case to state court.

## DISCUSSION

### A.     Legal Standard

The standard governing removal from state court to federal court is well settled. General principles of removal and remand apply to bankruptcy as well as non-bankruptcy actions. *See*

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (holding that, if an order remands a removed bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject matter jurisdiction, a court of appeals lacks jurisdiction to review the order under 28 U.S.C. § 1447(d)). Under the general removal statute, defendants may remove any case where the district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Kuntz v. Illinois Cent. R.R. Co.*, Civil No. 06-554-GPM, 2007 WL 54038, at *2 (S.D. Ill. Jan. 5, 2007). Removal statutes are to be construed narrowly, and the presumption is against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). The party seeking to remove a case to federal court has the burden of proving the propriety of removal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Further, doubts about the propriety of removal are to be resolved in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). With this standard in mind, the Court turns to consideration of Littlefield's request for remand of this case to state court.

    **B.**    **Equitable Remand**

The bankruptcy jurisdiction of the federal courts lies in 28 U.S.C. § 1334, which provides, in relevant part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 [of the United States Code]" and that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is

pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Littlefield has requested remand of this case to state court pursuant to section 1452(b), which provides that, after removal, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b). It is within a court's discretion to review a request for remand of a case removed in bankruptcy jurisdiction to state court first, before deciding a motion to transfer the case to a bankruptcy court in which a related proceeding is pending. *See Everett v. Friedman's Inc.*, 329 B.R. 40, 41 (S.D. Miss. 2005); *In re Grace Cmty., Inc.*, 262 B.R. 625, 628-29 (Bankr. E.D. Pa. 2001); *Ni Fuel Co. v. Jackson*, 257 B.R. 600, 611-12 (N.D. Okla. 2000). *Cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586-87 (1999).

The doctrine of equitable remand permits a federal court to remand a case removed in bankruptcy jurisdiction on "any appropriate ground." *In re United States Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). In evaluating the appropriateness of remand, a court should examine a number of factors, including: (1) the extent to which judicial resources will be duplicated or inefficiently used; (2) whether remand will adversely affect the administration of the bankruptcy estate; (3) whether the case involves state law issues better addressed by a state court; (4) comity considerations; (5) whether there is prejudice to unremoved parties; (6) whether the remand lessens the possibility of inconsistent results; and (7) whether the court in which the action originated has greater expertise. *See Dalen v. Clamage*, No. 97 C 5174, 1997 WL 652343, at *6 (N.D. Ill. Oct. 10,

1997). *See also In re Emerald Acquisition Corp.*, 170 B.R. 632, 645 (Bankr. N.D. Ill. 1994); *Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 867-68 (N.D. Ill. 1991); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 582 (N.D. Ind. 1985); *In re Baren*, 47 B.R. 39, 42-43 (Bankr. N.D. Ill. 1984). *Cf. Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 273 (D. Del. 1991) (equitable factors a court should consider in determining whether to remand a case removed in bankruptcy jurisdiction to state court include: the court's duty to decide matters properly before it; a plaintiff's choice of forum; the nature of the plaintiff's claim; prejudice to involuntarily removed parties; comity considerations; whether remand will serve either economical or duplicative use of judicial resources; and the effect that remand would have on the efficient and economic administration of the bankruptcy estate). The factors are to be weighed flexibly according to the circumstances of the case, and the decision regarding remand is committed to a court's discretion. *See Pio v. General Nutrition Cos.*, No. 06 C 2140, 2006 WL 3147721, at *4 (N.D. Ill. Oct. 31, 2006) (citing *In re Chicago Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)). *See also O'Rourke v. Cairns*, 129 B.R. 87, 89 (E.D. La. 1991) (quoting *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984)) (noting that "a district or bankruptcy court has a 'much broader range of discretion' in deciding motions to remand in the bankruptcy context than under 28 U.S.C. § 1447(c), the general removal statute.").

Of great importance to the Court's resolution of Littlefield's request for equitable remand is the fact that this case is not, as OCI argues, a core bankruptcy proceeding within the meaning of 28 U.S.C. § 157. The United States Court of Appeals for the Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the

procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d at 1268. In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id*. (emphasis omitted). *See also Rheinstrom v. Action Am., Inc.*, 208 B.R. 36, 38 (N.D. Ill. 1997) (quoting *Barnett*, 909 F.2d at 981) (a citation to discover assets issued to a corporation's sole shareholder to enforce a state-court default judgment obtained against the corporation in a breach of contract action was not a core proceeding even though the suit might require the shareholder, who was in bankruptcy, to reconvey assets fraudulently conveyed to her by the corporation, as the case "[did] not involve a 'substantive right created by the federal bankruptcy law and [was] . . . a case . . . that could exist outside of bankruptcy.'"). *Cf. Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) ("[A] proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."); *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (holding that "a state contract action that, had there been no bankruptcy, could have proceeded in state court" is not a core proceeding); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 611 (S.D. Tex. 1999) (holding that a case did not involve core proceedings where "all of the alleged tortious conduct and breaches of contract occurred pre-petition.").

      This case obviously is not a core proceeding; rather, it is a state-law action that, after more

than six years of proceedings in state court, has found its way into federal court for the second time through the fortuity of OCI's bankruptcy filing.  In general the Court is of the view that, "whenever possible, state courts should decide issues of state law, particularly when, as here, state-law claims were sued on originally in state court."  *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *5 (S.D. Ill. May 4, 2006).  The Seventh Circuit Court of Appeals has acknowledged that, in cases related to a bankruptcy, "questions of [state] law should be decided by the state courts . . . rather than by [a federal] court."  *In re United States Brass Corp.*, 110 F.3d at 1265.  *See also In re Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996) ("We find no abuse of discretion [in the district court's decision to remand a case removed in bankruptcy jurisdiction] because we agree that Gober's claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law.  Gober's claims exist wholly outside of bankruptcy[.]"); *Beasley v. Personal Fin. Corp.*, 279 B.R. 523, 534 (S.D. Miss. 2002) (remanding a case to state court because "[s]tate law issues predominate over bankruptcy issues in this case and the questions of state law are neither difficult nor unsettled.  The . . . state courts are certainly capable of hearing and resolving Plaintiffs' claims."); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991) (quoting *Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 799 (D.R.I. 1986)) ("Congress has made it plain that . . . in respect to noncore proceedings . . . which assert purely state law causes of action . . . the federal courts should not rush to usurp the traditional precincts of the state court."); *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 426 (Bankr. S.D. Tex. 1987) ("Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, irrespective

of whether the legal issues present unsettled questions of state law.") (emphasis omitted).

The Court's view that an overwhelming predominance of state-law issues in a non-core case that is merely related to a bankruptcy is a factor weighing heavily in favor of remand is supported, of course, by the major policies governing the authority of federal courts to interpret and apply state law. For one, the federal courts were never meant to operate as, in effect, a spare set of state courts. *See City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 76 (1941) (noting that limitations on the exercise of federal diversity jurisdiction "reliev[e] the federal courts of the overwhelming burden of . . . business that intrinsically belongs to the state courts . . . in order to keep them free for their distinctive federal business."). *See also* Judicial Conference of the United States, *Long Range Plan for the Federal Courts*, 166 F.R.D. 49, 66 (1995) ("The federal courts have served the nation well because they are special purpose courts, designed and equipped to adjudicate small numbers of disputes involving important national interests."). Further, such power as federal courts have to pronounce state law is, in fact, not a power at all but rather a reflection of the constitutional reality that such courts lack authority to fashion broad swathes of common law. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 744-45 (1980); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77-78 (1938), *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, No. 05-CV-00165-MJR, 2006 WL 3359739, at *6 (S.D. Ill. Nov. 3, 2006). *Cf. Southern Pac. Co. v. Jensen*, 244 U.S. 205, 221 (1917) (Holmes, J., dissenting) (in crafting federal common law, judges act "only interstitially; they are confined from molar to molecular motions."). Given these policies, it is appropriate to proceed from the assumption that this case belongs in state court.

Moreover, while the Court would be inclined to remand this case to state court even if the

issues of state law presented by the complaint were utterly pedestrian, in fact this case raises a novel question of state law, namely, whether OCI's business arrangement with Littlefield and other affiliated orthodontists amounts to the practice of dentistry by a corporation, in violation of 225 ILCS 25/44. Although a sister court in this Circuit has so held, *see Orthodontic Ctrs. of Ill., Inc.*, 403 F. Supp. 2d at 695-98 (voiding on grounds of illegality a contract between OCI and an orthodontist substantially similar to the contract underlying this case), to the Court's knowledge no Illinois state court has spoken to the issue. Although it is difficult in a regime of coordinate courts to speak of one court system possessing greater "expertise" in applying a body of law than another, both systems being presumed equally competent to apply the law, *see Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2156-57 (2006) (citing *Missouri Pac. Ry. Co. v. Fitzgerald*, 160 U.S. 556, 583 (1896)); *Ruhrgas AG*, 526 U.S. at 586; *Tafflin v. Levitt*, 493 U.S. 455, 469-70 (1990) (Scalia, J., concurring), the Seventh Circuit has emphasized frequently that the proper forum for unusual issues of state law is state court. *See In re Chicago Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d at 1189 (in light of the concerns of "comity and respect for state law" raised by removal of cases in bankruptcy jurisdiction, "whether a case involves unsettled issues of state law is always significant" in granting remand of such cases to state court). *See also Gust K. Newberg Constr. Co. v. E.H. Crump & Co.*, 818 F.2d 1363, 1368 (7th Cir. 1987); *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir. 1987); *Anderson v. Marathon Petroleum Co.*, 801 F.2d 936, 942 (7th Cir. 1986); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 934 n.3 (S.D. Ill. 2006); *Bommersbach v. Ruiz*, No. 3:02-CV-01115-DRH, 2006 WL 3360381, at *6 n.3 (S.D. Ill. June 9, 2006); *Willis v. Bell*, 669 F. Supp. 229, 232-34 (N.D. Ill. 1987).

Also, while the St. Clair County circuit court may or may not possess greater expertise in the

application of Illinois law than does this Court, the state court undoubtedly possesses much greater familiarity with the case after more than six years of proceedings. *See In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 432 (Bankr. N.D. Ill. 1997) (remanding a corporate dissolution proceeding removed in bankruptcy jurisdiction where the state court had heard evidence and made rulings in the case, which had been affirmed by the state appellate court: "Although this Court is somewhat familiar with the dispute between the [parties], the state court is far more familiar with the dispute . . . . A duplicative and uneconomical effort of judicial resources would be expended for this Court to become familiar with the circumstances surrounding and leading up to the filing of the corporate dissolution proceeding."); *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 772 (Bankr. N.D. Ill. 1993) (granting remand where "the Illinois State Court has done considerable work on the case and has been affirmed on interlocutory appeal. It would be an enormous waste of judicial resources, and the litigants' resources, to transfer these claims [to a bankruptcy court] at this stage of the litigation."). *See also Gober*, 100 F.3d at 1207 (remand was appropriate as to state-law claims asserted "almost a decade before [the plaintiff] filed his bankruptcy petition"); *McCratic v. Bristol-Myers Squibb & Co.*, 183 B.R. 113, 115-16 (N.D. Tex. 1995) ("The Court . . . recognizes the expertise of the particular state court involved as well as comity considerations. In these silicone gel breast implant cases, the very able state district [j]udge . . . has already spent nearly three years coordinating and streamlining discovery and has held numerous hearings on many pretrial matters."). Remand of this case seems especially appropriate in view of the fact that, if the agreement between Littlefield and OCI is illegal under 225 ILCS 25/44, as Littlefield contends, this case likely can be resolved on summary judgment in state court, without a trial. *See Baxter Healthcare Corp.*, 132 B.R. at 868 (citing *In re Alton Tel. Printing Co.*, 15 B.R. 367 (Bankr. S.D. Ill.

1981)) (remand is proper where removal is likely to delay the progress of a case in state court).

Finally, just as remand will ensure that the issues of state law, novel and otherwise, presented by this case are decided in the state forum that was, in fact, contractually selected by Littlefield and OCI, so the Court sees little danger that remand will disrupt the orderly administration of the bankruptcy estate. It is apparent from the record that the bankruptcy court is aware of this case, as well as a number of similar cases pending around the country, and the Court is certain that the necessary measures will be taken to coordinate proceedings as between the state court and the bankruptcy court. *See J.T. Thorpe Co. v. American Motorists*, No. Civ.A. H-02-4598, 2003 WL 23323005, at *7 (S.D. Tex. June 9, 2003) (remanding a case notwithstanding the pendency of a related Chapter 11 proceeding: "The state court can read and interpret the parties' Stipulation and Order [in the bankruptcy case] as competently as the federal courts."); *Beasley*, 279 B.R. at 534 ("[R]emanding the case will not effect [sic] the efficient administration of [the plaintiff's] bankruptcy estate. The bankruptcy trustee has equal access in either this Court or state court to any judgment, award, or settlement [the plaintiff] receives from Defendants."); *Broyles v. United States Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) (holding that equitable remand was warranted in a case removed in bankruptcy jurisdiction: "It is difficult to see what adverse effect would occur to the efficient administration of the . . . bankruptcy estate if this Court . . . remands. The U.S. Bankruptcy Court . . . will retain jurisdiction over the core issues in [the related] bankruptcy case."). Although it appears that this case currently is subject to a stay pursuant to 11 U.S.C. § 362, which, of course, does not prevent the Court from remanding the case to state court, *see Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1333 (M.D. Fla. 2003); *County of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992), the bankruptcy court no

doubt can fashion an appropriate order lifting the stay to permit Littlefield to proceed against OCI in state court.  *See In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008, 1020 (Bankr. N.D. Ala. 1996) (finding cause under section 362(d)(1) to lift a bankruptcy stay to permit the movant to pursue an action for fraud against a debtor in state court, subject to the proviso that any judgment recovered in the state-court action could be executed only by way of the filing of a proof of claim in the debtor's bankruptcy case); *In re Republic Reader's Serv., Inc.*, 81 B.R. at 430 (granting remand as to breach of contract claims so as to permit resolution of the issue of liability in state court, but reserving the right to determine "any issues relating to the administration of any funds accruing to the estate, or any resulting claim asserted against the estate.").  The Court concludes in its discretion that Littlefield's request for equitable remand is well taken, and this case will be remanded to state court.

### CONCLUSION

Littlefield's motion for remand (Doc. 18) is **GRANTED**.  Pursuant to 28 U.S.C. § 1452(b), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.  OCI's motion for transfer of this case to the United States District Court for the Eastern District of Louisiana (Doc. 11) is **DENIED as moot**.  The hearing scheduled to be held in this case on January 29, 2007, at 2:30 p.m. is **CANCELLED**.

   **IT IS SO ORDERED.**

   DATED:  1/26/2007

                                          s/ G. Patrick Murphy
                                          G. PATRICK MURPHY
                                          Chief United States District Judge